IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CASE NO. 3:18-CV-00021-DPM

| | |
|---|---|
| ADAM AND EVE JONESBORO, LLC )<br>)<br>PLAINTIFF )<br>)<br>)<br>HAROLD PERRIN, IN HIS OFFICIAL CAPACITY )<br>AS MAYOR OF THE CITY OF JONESBORO, )<br>ARKANSAS, )<br>)<br>DEFENDANT ) | NOTICE OF<br>CONSTITUTIONAL<br>CHALLENGE OF<br>STATUTE |

Pursuant to Rule 5.1(a) of the Federal Rules of Civil Procedure, Plaintiff, by and through counsel, respectfully file this Notice of Constitutional Challenge of Statute with the Court and provide the Attorney General of Arkansas. In support thereof, Plaintiff shows as follows:

1. Plaintiff instituted this action on February 12, 2018, and the Defendant thereafter accepted service on February 16, 2018.

2. By certified letter dated March 6, 2018, and pursuant to Rule 5.1(a)(1)(B), Plaintiff provided the Attorney General with a copy of the Summons and Complaint in this action and notified him that this action challenged the constitutionality of a state statute. A true and accurate copy of that notice is attached hereto as Exhibit A. In that letter, Plaintiffs communicated that they were serving a copy of the Summons and Complaint on the Attorney General pursuant to Rule 5.1(a), that the Complaint challenged the constitutionality of a state statute, and that the Complaint was filed against Harold Perrin, in his official capacity as Mayor of the City of Jonesboro, Arkansas. In this manner, Plaintiff complied with Rule 5.1(a)(1)(B)'s requirements that the Attorney General be notified that a state statute was being challenged through this action and that

neither the State, one of its agencies, nor one of its officers or employees, has been named as a defendant.

3.  Plaintiff believes the March 6, 2018, letter satisfies their substantive obligations under Rule 5.1(a)(1)(B) and (a)(2). However, Plaintiff files this Notice to clarify that through this action, and as reflected in their Complaint, Plaintiff is challenging the constitutionality of Arkansas Statute §14-1-302 because terms of the statute are largely undefined, unconstitutionally vague and overbroad, and are arbitrarily enforced. To the extent the time requirements set forth in Rule 5.1(c) would be triggered by this Notice, instead of by Plaintiff's March 6, 2018, notice, the Attorney General has 60 days from receipt of this Notice to intervene in this matter.

5.  In further compliance with Rule 5.1(a)(2), Plaintiff will serve the Attorney General with a copy of this Notice via certified mail.

Respectfully submitted,

The Brad Hendricks Law Firm
500 C Pleasant Valley Drive
Little Rock, AR  72227
(T) 501-221-0444
(F) 501-661-0196
tkitchens@bradhendricks.com

By: _____
Lloyd W. "Tre" Kitchens, ABN 99075

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of March 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, and I hereby certify that I have mailed the document by United States Postal Service to the following non-CME/ECF participants:

Ralph C. Ohm

Attorney for Defendant
Post Office Box 1558
Hot Springs, AR 71902-1558

Attorney General Leslie Rutledge
323 Center Street, Suite 100
Little Rock, AR 72201-2610

_____
Lloyd W. "Tre" Kitchens, ABN 99075