FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 24 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**ADAM AND EVE JONESBORO, LLC**                                    **PLAINTIFF**

**v.**                          **Case No. 3:18-CV-21 DPM**

**HAROLD PERRIN, IN HIS OFFICIAL**
**CAPACITY AS MAYOR OF THE CITY OF**
**JONESBORO, ARKANSAS**                                           **DEFENDANTS**

**STATE OF ARKANSAS**                                            **INTERVENOR**

## MOTION TO INTERVENE

COMES NOW the State of Arkansas, by and through Arkansas Attorney General Leslie Rutledge and Assistant Attorney General Ashley N. Louks, and for its Motion to Intervene states as follows:

1.      Federal Rule of Civil Procedure 24(a)(1) provides for intervention of right when a party is given an unconditional right to intervene by a federal statute.

2.      In any action, suit, or proceeding where the State is not a party but where the constitutionality of any statute of the State affecting the public interest is challenged, the Court must certify such fact to the State's Attorney General and shall permit the State to intervene on the question of constitutionality.  28 U.S.C. § 2403(b).

3.      Federal Rule of Civil Procedure 24(b) permits a state governmental officer to intervene if a party's claim or defense is based on "a statute . . . administered by the officer or agency" or "any regulation, order, requirement, or agreement issued or made under the statute."

4.      This Court certified to the Arkansas Attorney General that Plaintiff has questioned the constitutionality of Ark. Code Ann. § 14-1-302.  *See* Order, ECF No. 9; *see also* Compl. ¶¶ 9-10, ECF No. 1.

5.      Pursuant to 28 U.S.C. § 2403(b) and Federal Rule of Civil Procedure 24, the Arkansas Attorney General hereby moves to intervene behalf of the State of Arkansas. Intervention by the State is appropriate in this matter because Plaintiff has challenged the constitutionality of Ark. Code Ann. § 14-1-302.

6.      The State moves to intervene for the sole purpose of defending the constitutionality of Ark. Code Ann. § 14-1-302.

7.      In support of this motion, the State submits a Brief in Support of its Motion to Intervene and a proposed Answer in Intervention, the latter attached hereto as Exhibit A.

WHEREFORE, the State of Arkansas prays this Court grants its Motion to Intervene in this matter, and for all other just and appropriate relief.

Respectfully submitted,

**LESLIE RUTLEDGE**
Arkansas Attorney General

Ashley N. Louks
Ark. Bar No. 2016243
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone:  (501) 682-1723
Fax:      (501) 682-2591
ashley.louks@arkansasag.gov

*Attorneys for the State of Arkansas*

## CERTIFICATE OF SERVICE

I, Ashley N. Louks, hereby certify that on April 24, 2018, the foregoing was mailed by United States Postal Service to:

Lloyd W. Kitchens, III
The Brad Hendricks Law Firm
500 Pleasant Valley Drive, Suite C
Little Rock, Arkansas 72227

Ralph C. Ohm
Post Office Box 1558
Hot Springs, Arkansas 72902

C. Burt Newell
Post Office Box 1620
Hot Springs, Arkansas 72902

Ashley N. Louks

# E X H I B I T

# A

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**ADAM AND EVE JONESBORO, LLC**                                    **PLAINTIFF**

v.                                  **Case No. 3:18-CV-21 DPM**

**HAROLD PERRIN, IN HIS OFFICIAL**
**CAPACITY AS MAYOR OF THE CITY OF**
**JONESBORO, ARKANSAS**                                    **DEFENDANTS**

**STATE OF ARKANSAS**                                    **INTERVENOR**

## THE STATE OF ARKANSAS'S ANSWER IN INTERVENTION

COMES NOW Intervenor the State of Arkansas, by and through Arkansas Attorney General Leslie Rutledge and Assistant Attorney General Ashley N. Louks, and for its Answer in Intervention, states the following:

1.      Intervenor acknowledges that Plaintiff is bringing suit against Defendants under the First and Fourteenth Amendments to the United States Constitution and Article 2, sections 3 and 6 of the Arkansas Constitution.  Intervenor acknowledges that this suit was commenced pursuant to 42 U.S.C. § 1983 and the Arkansas Civil Rights Act, Ark. Code Ann. §§ 16-123-101—108.  Intervenor denies that Plaintiff is entitled to any relief under those provisions as pled in Paragraph 1 of Plaintiff's Complaint.

2.      Intervenor admits the quoted statutory language of Ark. Code Ann. § 14-1-302 as characterized in Paragraph 2 of Plaintiff's Complaint.

3.      Intervenor is without sufficient information to admit or deny the allegations within Paragraph 3 of Plaintiff's Complaint and therefore denies the same.

4.      Intervenor is without sufficient information to admit or deny the allegations within Paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5.      Intervenor is without sufficient information to admit or deny the allegations within Paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6.      Intervenor is without sufficient information to admit or deny the allegations within Paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7.      Intervenor is without sufficient information to admit or deny the allegations within Paragraph 7 of Plaintiff's Complaint but acknowledges that Defendants have admitted the allegations contained therein.

8.      Intervenor is without sufficient information to admit or deny the allegations within Paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9.      Intervenor denies the allegations within Paragraph 9 of Plaintiff's Complaint.

10.     Intervenor acknowledges that Plaintiff requests injunctive relief and a temporary restraining order in Paragraph 10 of Plaintiff's Complaint, but denies that Plaintiff is entitled to any such relief and denies any remaining allegations within this paragraph.

11.     Intervenor acknowledges that Plaintiff seeks declaratory judgment in Paragraph 11 of Plaintiff's Complaint, but denies that Plaintiff is entitled to any relief requested.

**PARTIES**

12.     Intervenor is without sufficient information to admit or deny the allegations within Paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13.     Intervenor admits the allegations within Paragraph 13 of Plaintiff's Complaint.

14.     Intervenor admits the allegations within Paragraph 14 of Plaintiff's Complaint.

**JURISDICTION AND VENUE**

15.     Intervenor is without information to admit or deny the allegations within Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16.     Intervenor admits the allegations within Paragraph 16 of Plaintiff's Complaint.

17.     Intervenor admits the allegations within Paragraph 17 of Plaintiff's Complaint.

18.     Intervenor admits the allegations within Paragraph 18 of Plaintiff's Complaint.

19.     Intervenor admits that this Court may enter declaratory judgment as alleged in Paragraph 19 of Plaintiff's Complaint, but denies that Plaintiff is entitled to such relief.

20.     Intervenor admits that this Court may grant injunctive relief as alleged in Paragraph 20 of Plaintiff's Complaint, but denies that Plaintiff is entitled to such relief.

21.     Intervenor admits the allegation within Paragraph 21 of Plaintiff's Complaint.

## FACTS COMMON TO THE COUNTS
## I. ADAM AND EVE JONEBORO, LLC

22.     Intervenor is without sufficient information to admit or deny the allegations within Paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23.     Intervenor is without sufficient information to admit or deny the allegations within Paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24.     Intervenor is without sufficient information to admit or deny the allegations within Paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25.     Intervenor admits that an email is attached as Exhibit 2 to Plaintiff's Complaint but is without sufficient information to attest to its veracity and receipt by Defendants. Intervenor is without sufficient information to admit or deny the remaining allegations within Paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26.     Intervenor admits that an email is attached as Exhibit 3 to Plaintiff's Complaint but is without sufficient information to attest to its veracity and receipt by Defendants. Intervenor is without sufficient information to admit or deny the remaining allegations within Paragraph 26 of Plaintiff's Complaint and therefore denies the same.

3

27.     Intervenor is without sufficient information to admit or deny the allegations within Paragraph 27 of Plaintiff's Complaint and therefore denies the same.

## COUNT I
## UNCONSTITUIONAL PRIOR RESTRAINT

28.     Intervenor acknowledges that Plaintiff re-alleges the foregoing as if fully set out herein as alleged in Paragraph 28 of Plaintiff's Complaint.  All allegations that were denied before are denied again.

29.     Intervenor denies the allegations within Paragraph 29 of Plaintiff's Complaint.

30.     Intervenor denies the allegations within Paragraph 30 of Plaintiff's Complaint.

31.     Intervenor denies the allegations within Paragraph 31 of Plaintiff's Complaint.

## COUNT II
## UNCONSTITUTIONAL VAGUENESS AND OVERBREADTH

32.     Intervenor acknowledges that Plaintiff re-alleges the foregoing as if fully set out herein as alleged in Paragraph 32 of Plaintiff's Complaint.  All allegations that were denied before are denied again.

33.     Intervenor denies the allegations within Paragraph 33 of Plaintiff's Complaint.

34.     Intervenor denies the allegations within Paragraph 34 of Plaintiff's Complaint.

35.     Intervenor denies the allegations within Paragraph 35 of Plaintiff's Complaint.

36.     Intervenor denies the allegations within Paragraph 36 of Plaintiff's Complaint.

37.     Intervenor denies the allegations within Paragraph 37 of Plaintiff's Complaint.

## COUNT III
## EQUAL PROTECTION

38.     Intervenor acknowledges that Plaintiff re-alleges the foregoing as if fully set out herein as alleged in Paragraph 38 of Plaintiff's Complaint.  All allegations that were denied before are denied again.

39.     Intervenor is without sufficient information to admit or deny the allegations within Paragraph 39 of Plaintiff's Complaint and therefore denies the same.

40.     Intervenor is without sufficient information to admit or deny the allegations within Paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41.     Intervenor is without sufficient information to admit or deny the allegations within Paragraph 41 of Plaintiff's Complaint and therefore denies the same.

42.     Intervenor is without sufficient information to admit or deny the allegations within Paragraph 42 of Plaintiff's Complaint and therefore denies the same.

43.     Intervenor denies the allegation in Paragraph 43 of Plaintiff's Complaint that it suffers any deprivation of rights resulting from the risk of enforcement of Arkansas law. Intervenor is without sufficient information to admit or deny the remaining allegations within Paragraph 43 of Plaintiff's Complaint and therefore denies the same.

44.     Intervenor denies the allegations within Paragraph 44 of Plaintiff's Complaint.

45.     Intervenor denies the allegations within Paragraph 45 of Plaintiff's Complaint.

46.     Intervenor denies the allegations within Paragraph 46 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

47.     Intervenor denies that Plaintiff is entitled injunctive relief, declaratory relief, attorneys' fees and costs, or any other form of relief as requested by Plaintiff.

48.     Intervenor is entitled to absolute sovereign immunity.

49.     Plaintiff has failed to state a claim upon which relief may be granted.

50.     Intervenor avails itself to all available defenses under Rules 8 and 12 of the Federal Rules of Civil Procedure.

51.     Intervenor specifically reserves the right amend its answer and to plead further in this case as evidence and discovery are developed.


WHEREFORE, Intervenor the State of Arkansas prays that Plaintiff's Complaint be dismissed and for all other just and proper relief for which it may be entitled.


Respectfully submitted,

**LESLIE RUTLEDGE**
Arkansas Attorney General


_____
Ashley N. Louks
Ark. Bar No. 2016243
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone:  (501) 682-1723
Fax:     (501) 682-2591
ashley.louks@arkansasag.gov

*Attorneys for Intervenor*